Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000512
19-APR-2018
07:56 AM

NO. CAAP-17-000512

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SCARLETT A. TAYLOR, Plaintiff-Appellant, v.
THE KAHALA HOTEL INVESTORS, LLC, et al., OWNERS dba THE KAHALA
HOTEL AND RESORT; TRINITY KAHALA, LLC; SMH KAHALA, LLC;
GENERAL MANAGER, KAHALA HOTEL AND RESORT; SECURITY DIRECTOR,
KAHALA HOTEL AND RESORT, Defendants-Appellees and
JOHN DOES 1-10; JANE DOES 1-10; and
DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0845)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Plaintiff-Appellant Scarlett A. Taylor (**Taylor**) appeals

from two post-judgment orders entered against her, and in favor

of Defendants-Appellees Kahala Hotel Investors LLC, et al.,

Owners dba The Kahala Hotel and Resort, Trinity Kahala, LLC, SMH

Kahala, LLC, General Manager, Kahala Hotel and Resort, and

Security Director, Kahala Hotel and Resort (the **Kahala**

**Defendants**), on July 12, 2017, in the Circuit Court of the First

Circuit (**Circuit Court**):[1]  (1) the Order Granting Defendants

---

[1]     The Honorable Virginia L. Crandall presided.  Taylor, at various
times throughout the record, mentioned The Honorable Gary W.B. Chang; however,
(continued...)

Kahala Hotel Investors, LLC dba The Kahala Hotel and Resort, Trinity Kahala, LLC, SMH Kahala, LLC, General Manager, Kahala Hotel and Resort and Security Director, Kahala Hotel and Resort's Motion to Designate Pro Se Plaintiff Scarlett A. Taylor as a Vexatious Litigant Pursuant to Hawaii Revised Statutes (HRS) Chapter 634J, filed March 14, 2017 (**Order Designating Plaintiff as a Vexatious Litigant**);[2] and (2) the Order Denying Plaintiff Scarlett A. Taylor's Motion to Designate Attorney Michael H. Tsuchida, a DTRIC Agent, as Vexatious and Ask for an Injunction and Sanction Against Phony Litigant Michael H. Tsuchida for Misusing the Kahala Hotel Case Filing Countless Frivolous Motions for the Purpose of Concealing HIPAA Violations and Violations of the Hawaii Rules of Professional Conduct, Rules 3.1, 3.2, 8.1(A), 8.2, 8.4, and Many Other Violations and Suppressing the Plaintiff's Personal Injury Claim and Concealing the March 25, 2011 Accident Video, Filed April 5, 2017 (**Order Denying Motion to Designate Defense Counsel as a Vexatious Litigant**).[3]

---

[1](...continued)
Judge Chang was not involved in this case, but apparently presided over another case in which Taylor was involved.

[2]     The Order Designating Plaintiff as a Vexatious Litigant is not referenced in Taylor's Notice of Appeal, but the transcript where this motion was orally granted is attached to the Notice of Appeal, and she argues against it in her Opening Brief. The omission from the Notice of Appeal is not jurisdictional and is not fatal to the appeal. See Credit Assocs. of Maui, Ltd. v. Montilliano, 51 Haw. 325, 328, 460 P.2d 762, 764 (1969).

[3]     The Order Denying Motion to Designate Defense Counsel as a Vexatious Litigant is referred to in the Notice of Appeal, insofar as the Notice of Appeal refers to the oral denial of the motion. However, it is not discernibly referred to in the Opening Brief. This court does not have appellate jurisdiction over the December 12, 2017 Judgment or other pre-judgment or post-judgment orders that Taylor appears to address in her briefs, as Taylor's June 23, 2017 Notice of Appeal was untimely with respect to these matters. On October 27, 2017, this court entered its Order Granting in Part and Denying in Part the September 25, 2017 Motion to Dismiss Appellate Court Case Number CAAP-17-0000512 for Lack of Appellate Jurisdiction. In it, this
(continued...)

The index of Taylor's Opening Brief does not contain page references or a table of authorities as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(1). Nor does the Opening Brief contain record references as required by HRAP Rule 28(b)(3) or a "concise statement of the points of error" as required by HRAP Rule 28(b)(4). However, the Hawai'i Supreme Court "has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (internal quotation marks and citation omitted). Thus, we will attempt to address Taylor's arguments.

In her Opening Brief, Taylor argues that the Circuit Court erred when it granted the Kahala Defendants' Motion to Designate Plaintiff as a Vexatious Litigant. Although it is not entirely clear whether Taylor argues that the Circuit Court erred in denying her Motion to Designate Defense Counsel as a Vexatious Litigant, we address it below.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Taylor's appeal as follows:

(1) Taylor contends that the Circuit Court erred in granting the Kahala Defendants' Motion to Designate Plaintiff as

---

[3](...continued)
court dismissed the appeal in part, for lack of appellate jurisdiction, with regard to all orders except for the two post-judgment orders addressed herein.

a Vexatious Litigant because: (1) HRS § 634J-1 (2016) applies to cases, not motions within a case; (2) the Circuit Court was biased against her; and (3) it appeared that the Circuit Court had "coached, possibly recommended" that the Kahala Defendants file such a motion.

> The term "vexatious litigant" means, *inter alia*:
>
> [A] plaintiff who does any of the following:
> . . .
> (2) After litigation has been finally resolved against the plaintiff, relitigates or attempts to relitigate in propria persona and in bad faith, either:
>    (A) The validity of the determination against the same defendant or defendants as to whom the litigation was finally determined; or
>    (B) The cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined;
> (3) In any litigation while acting in propria persona, files, in bad faith, unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay[.]

HRS § 634J-1 (2016).

The supreme court has adopted the abuse of discretion standard in reviewing vexatious litigant determinations. See Ek v. Boggs, 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003) ("Although we have not heretofore adopted a standard for reviewing a vexatious litigant determination, we believe it should be an abuse of discretion standard").

> "[A]n abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Association of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 119, 58 P.3d 608, 630 (2002) (quoting Molinar v. Schweizer, 95 Hawai'i 331, 335, 22 P.3d 978, 982 (2001)). Furthermore, "'[t]he burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it.'" Lepere v. United Pub. Workers, Local 646, 77 Hawa'i 471, 474 n. 5, 887 P.2d 1029, 1032 n. 5 (1995) (quoting State v. Estencion, 63 Haw. 264, 267, 625 P.2d 1040, 1043 (1981) (citations omitted)).

Id. at 294-95, 75 P.3d at 1185-86 (2003).

In Boggs, the supreme court held that the circuit court did not abuse its discretion where it found that the plaintiff, William Ek, was a vexatious litigant because:

> Ek failed in separate incidents to serve and/or inappropriately served separate documents on Boggs, as in the case of the NOPA. Second, Ek "failed to produce documents to Defendant Steven Boggs'[s] attorney and also committed inappropriate service of documents." Finally, according to the court, Ek filed at least one motion that was without merit. Therefore, we cannot conclude that the court's declaration of Ek as a vexatious litigant was outside the bounds of reason and the principles of law and, thus, an abuse of discretion.

Id. at 297, 75 P.3d at 1188.

Likewise, here, we cannot find that the Circuit Court abused its discretion by finding that Taylor was a vexatious litigant due to Taylor's conduct regarding her deposition and other discovery matters, Taylor's filing of numerous, repetitive, unmeritorious motions, and Taylor's numerous attempts to relitigate the case.

Taylor's conduct with respect to her deposition, for example, supported the determination that she was a vexatious litigant. The phrase "vexatious litigant" includes plaintiffs who while acting in propria persona, "[engage] in . . . tactics that are frivolous or solely intended to cause unnecessary delay[.]" HRS § 634J-1(3). It appears that Taylor, in the first instance, did not respond to a letter requesting a deposition, even though her claims are based principally on her accounts of her fall at the Kahala Hotel. After a second letter was sent, along with a Notice of Taking Videotaped Deposition Upon Oral Examination, she replied by email, stating her refusal to being

5

deposed. After the Circuit Court granted a motion to compel Taylor's deposition, Taylor filed a motion to quash the order compelling her deposition. Upon reviewing a video recording of the deposition, the Circuit Court noted that when having her deposition taken, Taylor objected to proper questions from the outset, refused to answer questions, and terminated the deposition early. Finally, it appears that Taylor attempted to relitigate her motion to quash roughly four more times, including after the video deposition was taken.

Taylor's filing of her December 2016 motions also supported the determination that Taylor was a vexatious litigant. Most notably, Taylor's December 2016 motions relating to the granting of motions in limine (MILs) Nos. 1, 2, 3, 5, 6, 7 and the motion to quash were word-for-word identical to Taylor's September 2016 motions regarding the same matters. Further yet, in her December 2016 motions relating to the granting of MILs Nos. 9-11, Taylor did not include any arguments, but simply attached her previous April 2016 responses to the Kahala Defendants' original motions in limine. Taylor's December 2016 motions relating to the granting of MILs Nos. 4 and 8, although containing slightly different wording, were substantially similar and contained no new relevant arguments. Moreover, these motions were filed after judgment had already been entered against Taylor. It appears from the record that the December 2016 motions were an unnecessary attempt to relitigate the same issues.

Taylor's filing of her February 2017 motions also supported the determination that she was a vexatious litigant. In her February 2017 motions regarding MILs Nos. 9-11, Taylor submitted nearly word-for-word copies of her June-July 2016 motions on the same matters. Several of Taylor's February 2017 motions, including those regarding MILs Nos. 9-11, added the argument that the Kahala Defendants did not oppose Taylor's December 2016 motions, and that therefore the motions should have been granted. However, Taylor provided no legal support for her contentions and either knew or should have known her motions were not meritorious. Furthermore, her February 2017 motion relating to the granting of MILs Nos. 1-8 consisted of only two sentences and did not include any argument. Again, these motions were filed well after judgment had been entered against Taylor and after the Circuit Court entered its order denying her December 23, 2016 motion objecting to the Judgment.

Based on the record in this case, we cannot conclude that the court's declaration of Taylor as a vexatious litigant was outside the bounds of reason and the principles of law and, thus, an abuse of discretion. Furthermore, the Circuit Court's order, which precluded Taylor from filing further documents in or related to this case without prior leave of court, was narrowly tailored to address the specific vexatious conduct and did not constitute an abuse of discretion. See Boggs, 102 Hawai'i at 296-97, 75 P.3d 1187-88.

(2) Taylor makes no discernible argument regarding the Order Denying Motion to Designate Defense Counsel as a Vexatious

Litigant at all in her opening brief, but referenced the oral denial of the motion in her Notice of Appeal, and submits in her opening brief that "[a]ll of [the Circuit Court's] orders must be undone[.]" To the extent that this constitutes a challenge to the Order Denying Motion to Designate Defense Counsel as a Vexatious Litigant, we conclude it is without merit.

Pursuant to HRS § 634J-1, the term "vexatious litigant" applies to plaintiffs acting "*in propria persona*," or on behalf of themselves. Here, Tsuchida was counsel for the Kahala Defendants. He was not a plaintiff, and he did not act *in propria persona*. Therefore, HRS § 634J-1 did not apply to Tsuchida. Even if the statute applied, Taylor identifies no grounds warranting such designation and we find none. Accordingly, we conclude that the Circuit Court did not abuse its discretion in denying Taylor's Motion to Designate Defense Counsel as a Vexatious Litigant.

For these reasons, the Circuit Court's July 12, 2017 orders are affirmed.

DATED: Honolulu, Hawai'i, April 19, 2018.

On the briefs:

Scarlett A. Taylor,
Plaintiff-Appellant, *Pro Se*.

Michael H. Tsuchida,
(Myhre, Tsuchida, Richards &
 Storm),
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge

8